**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HARSH HARSH (A No. 220-723-034),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-03280-JLT-EGC<br><br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL; AND ORDERING RESPONDENTS TO PROVIDE PETITIONER A BOND HEARING<br><br>(Docs. 1, 3) |

Harsh Harsh is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus to the extent that the Court orders Respondents to provide Petitioner a bond hearing.

## I.    BACKGROUND

Petitioner a citizen and national of India who entered the United States on or around May 27, 2023, where he was encountered by the Department of Homeland Security. (Doc. 1 at 5; Doc. 9 at 7.) That day, DHS issued a Notice to Appear charging Petitioner as removable under INA § 212(a)(6)(A)(i) and subsequently released the Petitioner on an Order of Release on

Recognizance. (*See* Doc. 9 at 7, 10.) On September 11, 2023, Petitioner filed for asylum, withholding of removal, and convention against torture. (Doc. 1 at 5.) Though Petitioner claims that his asylum application is still pending, EOIR's website indicates that Petitioner was ordered removed on May 4, 2026, and that an appeal of such decision is pending before the Board of Immigration Appeals as of June 1, 2026. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited June 29, 2026).

Petitioner claims that he has a "clean criminal record," and that despite being arrested by local police on around August 2025, he was "falsely accused" and eventually released from police custody. (Doc. 1 at 6.) Despite this, on August 27, 2025, Petitioner was arrested by ICE when he appeared for his annual reporting check-in appointment. (Doc. 1 at 6; Doc. 9 at 7.) Petitioner claims that his re-detention is unjustified because he has complied with immigration authorities and has never violated a condition of release. (Doc. 1 at 6; Doc. 11 at 1.) Respondents argue to the contrary, explaining that Petitioner's release was revoked because of his arrest for assault with a deadly weapon, burglary, and other charges. (Doc. 9 at 1–3.)

Though Petitioner concedes that he was arrested by local police on or around August 13, 2025, for alleged burglary, assault, and other charges, (*see* Doc. 11 at 1; Doc. 9 at 7), Petitioner indicates that he was "falsely accused" and that these charges were eventually "dismissed." (Doc. 1 at 6; Doc. 11 at 1–2; Doc. 15 at 6.) In support of these claims, Petitioner attaches a series of documents from his criminal case in the Santa Clara County Superior Court, including a copy of his criminal case portal confirming that his case has been dismissed. (*See* Doc. 11 at 6–12; Doc. 15 at 6.) Respondents similarly confirm that charges for these offenses have been dismissed. (Doc. 14 at 2, 8.) Petitioner explains that his arrest was a misunderstanding, and that at his preliminary hearing, witnesses and the victim confirmed his innocence when they indicated that Petitioner was not involved in the actual burglary and assault but rather helped de-escalate the situation involving two separate criminal defendants. (Doc. 11 at 1, 6–12.) Despite acknowledging that Petitioner's charges for these offenses have been dismissed, Respondents argue that Petitioner is subject to mandatory detention both under 8 U.S.C. § 1225(b)(2) as an "applicant for admission," and under the Laken Riley Act codified in 8 U.S.C. § 1226(c)(1)(E).

2

(Doc. 9 at 2; Doc. 14 at 1–3.)

## II.  LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.  DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (*See* Doc. 1 at 6, 16–17.) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) of the INA and therefore categorically ineligible for a bond hearing. (*See* Doc. 9 at 1–3.) Courts nationwide, including this one, have rejected Respondents' legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

However, that is not the end of the inquiry. Respondents further argue that Petitioner's

3

recent encounter with law enforcement justified his re-detention under the Laken Riley Act. (*See* Doc. 14 at 1–3.) Petitioner was arrested, in relevant part, for assault with force likely to cause great bodily injury and burglary under Cal. Pen. Code §§ 245(A)(4), 459, respectively. (*See* Doc. 9 at 7, 17.) There is no question that these crimes, on their face, qualify as enumerated offenses under the Laken Riley Act. *See* 8 U.S.C. § 1226(c)(1)(E)(ii) (explaining that any noncitizen "charged with, [] arrested for, [] convicted of . . . acts which constitute the essential elements of any *burglary*, . . . *or any crime that results in* death or *serious bodily injury* to another person" is subject to mandatory detention) (emphasis added); *Haryana-Sandhir v. Warden Golden State Annex, et al.*, No. 1:26-cv-00405-DJC-SCR, 2026 WL 221372, at *1–2 (E.D. Cal. Jan. 28, 2026) (dealing with an arrest for burglary and grand theft and denying injunctive relief because "these qualifying theft offenses plainly trigger[] the application of § 1226(c)(1)(E)(ii)") .

Nonetheless, to avoid due process concerns, numerous courts have found that this provision ceases to apply when charges for an enumerated offense are dropped or dismissed, or when the individual has been acquitted. *Singh v. Wofford, et al.*, No. 1:26-cv-01161-KES-EPG, 2026 WL 972547, at *2 (E.D. Cal. Apr. 10, 2026) (citing *Helbrum v. Williams Olson*, No. 4:25-CV-00349-SHL-SBJ, 2025 WL 2840273, at *5–7 (S.D. Iowa Sept. 30, 2025); *Rueda Torres v. Francis*, 25 Civ. 8408, 2025 WL 3168759, at *5–6 (S.D.N.Y. Nov. 13, 2025); *Sidqui v. Almodovar*, No. 25-CV-9349 (VSB), 2026 WL 251929, at *12 (S.D.N.Y. Jan. 30, 2026)); *see also Singh v. Chestnut, et al.*, No. 126-cv-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) (citing *Helbrum*, 2025 WL 2840273, at *6 and *E.C. v. Noem*, No. 2:25-cv-01789-RFB-BNW, 2025 WL 2916264, at *10 (D. Nev. Oct. 14, 2025)). There is no dispute that Petitioner's charges for the qualifying offenses have been dismissed. (Doc. 14 at 2, 8.) As such, Petitioner is not subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E). Additionally, Petitioner provides record evidence to support his claim that he was falsely accused—specifically, testimony that Petitioner entered the residence solely with the intent to de-escalate the situation and that Petitioner did not physically strike the victim but sought to defend them by getting in between his two co-defendants. (*See* Doc. 11 at 1–2, 8–10.) Respondents offer no argument to contest these claims. (Doc. 14 at 2–3.)

4

The Court notes however, that though there is evidence in the record that the victim and witnesses were mistaken about Petitioner's involvement in the burglary and assault (see Doc. 11 at 8-10), which led to the eventual dismissal of the criminal complaint (see Doc. 15 at 6), the state argued in the underlying criminal case that the witnesses were not honest with the court and that the testimony given to the police the night of the incident was the correct testimony instead. (See Doc. 11 at 10-11.) Namely, that Petitioner had put his hands around the victim's neck, as opposed to the victim's testimony in court stating that Petitioner instead used himself as a shield against the real assailants. (Doc. 11 at 11.)

Given this factual dispute, the Court must acknowledge that "Respondents may well have a legitimate interest in Petitioner's detention based on the information contained in the arrest report. That Petitioner was not charged does not mean that the events did not occur, and the Immigration Judge may consider them in determining whether and under what conditions to set bond. It is for this reason that while release is often appropriate when the Government has failed to provide a pre-deprivation hearing, balancing the equities and the public interests in this case leads the Court to conclude that it is sufficient to provide Petitioner a post-depravation bond hearing . . ." *Singh v. Chestnut*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *4 (E.D. Cal. Feb. 2, 2026)  Notably, a criminal conviction is not required before a releasee may be found to be in violation of the terms of his supervision.

Petitioner also asks this Court to appoint counsel in his habeas action. (Doc. 3.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." As explained above, because the Court grants the habeas petition, the interest of justice does not require appointment of counsel and therefore denies such motion.

### IV.    CONCLUSION AND ORDER

1.    The petition for writ of habeas corpus (Doc. 1) is **GRANTED** to the extent that Respondents are ordered to provide Petitioner with a bond hearing.

2.    **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638

F.3d 1196 (9th Cir. 2011), where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3.      **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If his counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4.      The Clerk of Court is directed to serve Golden State Annex Detention Facility in McFarland, California, with a copy of this Order.

5.      The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **June 30, 2026**

_____
UNITED STATES DISTRICT JUDGE

6